# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) REGINALD CATHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 19-cv-00656-CVE-FHM |
| vs. | ) |
| | ) |
| (1) THE BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY; and | ) JURY TRIAL DEMANDED |
| (2) SHERIFF VIC REGALADO, in his Official capacity | ) ATTORNEY LIEN CLAIMED |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Reginald Cathey, through his attorneys of record, and brings this action against the Defendants for violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Reginald Cathey is a resident of Oklahoma and resides in Tulsa County, Oklahoma.

2. Defendant Board of County Commissioners of Tulsa County conducts regular business in Tulsa County and employs more than fifteen (15) employees.

3. Defendant Sheriff Vic Regalado is a resident of Tulsa County, Oklahoma.

4. Defendant Vic Regalado is citizen of the United States and a resident of Tulsa County, State of Oklahoma. Furthermore, Defendant Regalado was at all relevant times the Sheriff of Tulsa County, Oklahoma and in his position has been, at all times relevant hereto,

responsible for ensuring non-discriminatory work policies with respect to his employees of the Tulsa County Sheriff's Office ("TCSO") pursuant to federal and state law. In addition, Defendant Regalado is, and was at all relevant times hereto, responsible for creating, adopting, approving, ratifying, and enforcing the rules, regulations, policies, practices, procedures, and/or customs of the Tulsa County Sheriff's Department and Tulsa County Jail ("Jail"), including the policies, practices, procedures, and/or customs that violated Plaintiff's rights as set forth in the Complaint. It is well-established, as a matter of Tenth Circuit authority, that a § 1983 claim against a county sheriff in his official capacity "is the same as bringing a suit against the county." *Martinez v. Beggs,* 563 F.3d 1082, 1091 (10th Cir. 2009). *See also Porro v. Barnes,* 624 F.3d 1322, 1328 (10th Cir. 2010); *Bame v. Iron Cnty.,* 566 F. App'x 731, 737 (10th Cir. 2014). Thus, in suing Sheriff Regalado in his official capacity, Plaintiff has brought suit against the County/TCSO.

5. The wrongful acts complained of herein occurred in Tulsa County, Oklahoma.

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure protection of and to redress deprivations of rights secured by the Fourteenth Amendment to the United States Constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff incorporates as if realleged Paragraphs 1-7.

9. The Tulsa County Sheriff's Office ("TCSO") hired Plaintiff Reginald Cathey ("Plaintiff") on January 17, 2017 for the position of Detention Officer at the Tulsa County Jail ("Jail").

10. In October 2017, Plaintiff applied for the position of Deputy II ("Deputy") within TCSO.

11. The basic qualifications to become a deputy are as follows: the applicant must be at least 21 years of age, have corrected distant vision of 20/20 in each eye, be legally authorized to work in the USA, have a high school diploma or GED, have at least 60 college hours, have a valid Oklahoma driver's license and car insurance, have no criminal charges pending, not be on probation for any criminal offense, and have no prior felony convictions.

12. Plaintiff satisfied all of the abovementioned qualifications at the time of his application to become a Deputy in October 2017. Plaintiff also had performed his job as a detention officer extremely well and had no disciplinary history.

13. The promotion from detention officer to Deputy also requires the applicant to pass a background check, a written exam, a physical agility test, and an oral board examination. The board that interviews applicants consists of high-ranking officials within TCSO, such as Majors, Captains, and Sergeants.

14. In October 2017, Plaintiff successfully passed the background check, written exam, and physical agility test, but was told by TCSO that he failed the oral board examination, and therefore would not be receiving the promotion. Plaintiff received the official notice that he had not received the promotion in December 2017.

15. Plaintiff, while disappointed, continued his duties as a detention officer and excelled at the position.

16. Plaintiff re-applied for the promotion to Deputy in June 2018.

17. On July 2, 2018, TCSO informed Plaintiff that he did not receive the promotion.

18. On July 19, 2018, Corporal Marshall Eldrige of the Human Resources ("HR") Unit of TCSO sent Plaintiff a letter stating that Plaintiff did not successfully pass the Background Interview of the Screening Board. The letter further stated that since he failed the background investigation, he would not be eligible for future promotions.

19. It is TCSO's policy that if an applicant fails the background investigation, he or she may not apply for future promotions. However, TCSO allowed Plaintiff to apply for the Deputy position in 2018 and he did not receive the promotion in 2017. In 2017, TCSO never mentioned that Plaintiff had failed the background investigation.

20. Plaintiff filed a grievance against TCSO on July 24, 2018 alleging bias and retaliation on the part of the board.

21. On July 30, 2018, Tulsa County Jail Administrator David Parker sent Plaintiff a letter stating that he had concluded that Plaintiff's grievance was unsupported by evidence and that TCSO had followed their policies.

22. Upon information and belief, TCSO has a policy, practice, and/or custom of designing the questions its interview board asks in order to deny African American employees promotions within TCSO. The questions are subjective and often not related to the prospective job position.

23. Further, TCSO has a policy, practice, and/or custom of skewing the results of the oral board interviews to favor white employees over African American employees.

24. TCSO also has a policy, practice, and/or custom of designing its background checks to disadvantage African American seeking promotions. TCSO arbitrarily disqualifies

4

African Americans seeking promotions who have family members with criminal histories, which disparately impacts African Americans in Oklahoma, and specifically Tulsa, where African Americans are disproportionately arrested, charged, convicted, and incarcerated as compared to Caucasians.

25. Plaintiff subsequently filed a charge of discrimination with the EEOC alleging discrimination based on his race, African-American, and retaliation for filing a grievance against TCSO. He received his Right to Sue letter and has complied with the requirements of exhausting his administrative remedies.

## FIRST CLAIM FOR RELIEF
## DISPARATE TREATMENT BASED ON RACE (TITLE VII)
**(Against the BOCC and Sheriff Regalado in his Official Capacity)**

26. Plaintiff incorporates the preceding paragraphs as if realleged.

27. Plaintiff was treated worse than Caucasian employees within TCSO who apply for promotions, as he was twice denied promotions for which he was qualified. Specific instances will likely be uncovered through discovery.

28. Furthermore, this disparate treatment was due to the implementation of policies, procedures and/or customs of Defendant Regalado that promoted discriminatory treatment. For example, Defendant Regalado has no policy and/or procedure to ensure that the promotion process, including the oral board interviews are designed in a manner that treats Caucasian and African American employees equally.

29. Further, TCSO has a long history of discriminating against employees based on race.

30. In 2011, TCSO/the County settled six racial discrimination lawsuits filed by black employees of the Tulsa County Jail. Upon information and belief, many more instances of racial discrimination will be uncovered through discovery.

31. By treating Plaintiff differently than similarly-situated Caucasian employees with regard to the promotion process, Defendants have violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

    WHEREFORE, Plaintiff prays for judgment against Defendant for:

  a. Back pay and lost benefits; front pay until normal retirement
  b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
  c. His attorney fees and the costs and expenses of this action;
  d. Injunctive Relief;
  e. Such other relief as the Court deems just and equitable.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1981 & 42 U.S.C. § 1983
### (As to all Defendants)

32. Plaintiff incorporates the preceding paragraphs as if realleged.

33. Defendants treated Plaintiff differently than his similarly-situated Caucasian coworkers, who received favorable treatment when applying for promotions.

34. By treating Plaintiff differently than similarly-situated Caucasian employees with regard to promotions, Defendant and its agents have violated 42 U.S.C §1981, for which Plaintiff seeks redress under 42 U.S.C. § 1983 (which Plaintiff acknowledges, provides the sole remedy for violation of § 1981).

    WHEREFORE, Plaintiff prays for judgment against Defendants for:

  a. Back pay and lost benefits; front pay until normal retirement;
  b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
  c. His attorney fees and the costs and expenses of this action;
  d. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF 42 U.S.C § 1983 ACTING UNDER COLOR OF LAW
### Fourteenth Amendment
### (As to all Defendants)

35. Plaintiff incorporates the preceding paragraphs as if realleged.

36. There is an affirmative link between the aforementioned acts and/or omissions of Defendant in discriminating against Plaintiff by maintaining a promotion process that favors white employees over African American employees, and the policies, practices and/or customs, which Defendant Regalado promulgated, created, implemented and/or possessed responsibility for.

37. Such policies, practices and/or customs include, but are not limited to: the failure to ensure African American employees were not treated in a discriminatory manner, failure to address and rectify instances in which the Defendants were made aware of discriminatory treatment, and the failure to abide by any grievance process whatsoever when employees allege discrimination. Further, TCSO maintains a promotion process that contains questions that favor white employees and a background check process that disadvantages black employees and advantages white employees.

38. Defendant Regalado knew and/or it was obvious that the failure to enforce the aforementioned polices, practices and/or customs posed an excessive risk of discrimination against employees like Plaintiff.

39. Defendant Regalado, through his continued encouragement, ratification, and approval of the aforementioned policies, practices, and/or customs, in spite of their known and/or obvious tendencies to promote discrimination, has discriminated against Plaintiff based on his race by treating him differently than non-African American counterparts,

denying him promotions for which he was clearly qualified.

40. Plaintiff contends that Defendant Regalado was aware of widespread complaints of African Americans being treated disparately on the basis of race, like those of Plaintiff.

41. Plaintiff contends that at all times relevant to this complaint, Defendant Regalado acted under color and pretense of law, to wit: under color of statutes, ordinances of the Tulsa County, custom and usages of the State of Oklahoma to deprive Plaintiff of the rights, privileges and immunities guaranteed to him in the Constitution of the United States and the laws of the United States and the State of Oklahoma.

42. The policies and practices of racial discrimination and harassment adopted, ratified, perpetuated or otherwise sanctioned by Defendant Regalado, have deprived Plaintiff of equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States.

43. The conduct of Defendant Regalado has deprived Plaintiff of his liberty and property interests without due process of the law in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

44. Plaintiff contends that in so doing, Defendant Regalado deprived him of the privileges guaranteed to him by the Constitution of the United States.

   WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. His attorney fees and the costs and expenses of this action;
d. Injunctive Relief;
e. Such other relief as the Court deems just and equitable.

**FOURTH CLAIM FOR RELIEF**
**RETALIATION IN VIOLATION OF TITLE VII**

**(Against Sheriff Regalado in his Official Capacity)**

45. The Plaintiff incorporates the preceding paragraphs as if realleged.

46. The Plaintiff engaged in protected opposition to discrimination when he filed a grievance against TCSO for failure to promote based upon race.

47. After the Plaintiff engaged in protected opposition to discrimination, the Defendant took adverse employment action against Plaintiff in not fairly investigating his claim and denying him a promotion.

48. By taking adverse actions against the Plaintiff for his participation in protected activity, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

   WHEREFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement
   b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
   c. His attorney fees and the costs and expenses of this action;
   d. Injunctive Relief;
   e. Such other relief as the Court deems just and equitable.

   WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant the relief sought, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the time of filing suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the costs of bringing this action, a reasonable attorney's fee, along with such other relief as deemed just and equitable.

   Respectfully submitted,

**SMOLEN & ROYTMAN**

/s/Daniel E. Smolen_____
Daniel E. Smolen (OBA#19943)
Lauren G. Lambright, (OBA#22300)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff