# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

REGINALD CATHEY,            )
                            )
      **Plaintiff,**     )
                            )
v.                          )     Case No. 19-CV-0656-CVE-FHM
                            )
BOARD OF COUNTY COMMISSIONERS )
OF TULSA COUNTY, and        )
SHERIFF VIC REGALADO,       )
                            )
      **Defendants.**    )

## OPINION AND ORDER

Before the Court is defendants' motion to dismiss (Dkt. # 10). Defendants argue that plaintiff has failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).[1]

### I.

Plaintiff brings this employment discrimination and retaliation case under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (Title VII), and 42 U.S.C. §§ 1981 and 1983. Dkt. # 2. At the time of the complaint, plaintiff was a detention officer at the Tulsa County Jail. Id. at 3. He applied for a promotion to "Deputy II," but was turned down after he allegedly failed an oral examination and background check. Id. at 3-4. Plaintiff alleges that he was otherwise qualified, and was turned down solely because he is African American. Id. at 4. Plaintiff re-applied for the position, and was turned down again for failing to pass the background check. Id. Once an applicant fails the background check, he or she is not allowed to re-apply for a promotion,

---

[1] Plaintiff has not filed a response, and his time to do so has expired.

but plaintiff alleges that he was never told that he failed the background check during his first application. Id.

Plaintiff filed a grievance against the Tulsa County Sheriff's Office (TCSO), which had rejected his application, alleging that the selection process was biased, and that he had been retaliated against by the reviewing board. Id. Plaintiff received a letter on July 30, 2018, from the Tulsa County Jail Administrator stating that plaintiff's complaint was unsupported by the evidence and that TCSO had followed its policies. Id. Plaintiff then filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging that TCSO has internal policies that discriminate against African Americans, including "arbitrarily disqualif[ying] African Americans seeking promotions who have family members with criminal histories." Id. at 4-5.

Plaintiff brings "failure to promote" claims under Title VII against both defendants, a § 1981 claim based on disparate treatment against both defendants, a § 1983 claim for violating his equal protection and due process rights against both defendants, and a Title VII retaliation claim against Sheriff Vic Regalado for "not fairly investigating [plaintiff's] claim and denying [plaintiff] a promotion." Id. Plaintiff seeks monetary relief in excess of $150,000 and an unspecified injunction. Id. at 6, 8, 9.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"

2

and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

### A.

Defendants argue that the Board of County Commissioners of Tulsa County (BOCC) should be dismissed as a party defendant because plaintiff has stated no facts relating to it. Dkt. # 10, at 10-11. Defendants point to the complaint as stating only that "Defendant [BOCC] conducts regular business in Tulsa County and employs more than fifteen (15) employees." Id. at 11; see Dkt. # 2, at 1. The only other references to BOCC in the complaint are the pluralized uses of "defendants." Dkt. # 10, at 11.

3

"Under Oklahoma law, the [BOCC] is statutorily separate and distinct from the independently elected sheriff." Winters v. Board of County Com'rs of Muskogee County, Okla., 633 Fed. App'x 684, 690 (10th Cir. 2015) (unpublished).[2] Regalado, as the sheriff, is responsible for employing undersheriffs and deputy sheriffs, and is responsible for their official acts. See Okla. Stat. tit. 19 §§ 516, 547, and 548 (delineating the sheriff's authority). The BOCC has no authority or control over the sheriff. See Okla. Stat. tit. 19 § 339 (delineating the BOCC's powers). The BOCC therefore cannot be held liable as Regalado's employer. See Winters, 633 Fed. App'x at 690 (holding that the Board of County Commissioners of Muskogee County could not be liable as the sheriff's employer); Bristol v. Bd. Of Cty. Comm'rs, 312 F.3d 1213, 1215 (10th Cir. 2002) (en banc) (holding that, because a "Board lacks the power to control the hiring, termination, or supervision of a Sheriff's employees, or otherwise control the terms and conditions of their employment, there can be no basis upon which a jury could determine that the Board owes a [duty to provide accommodation under the Americans with Disabilities Act].").

With these principles in mind, the Court finds that there are no set of facts set forth in plaintiff's complaint that can be construed as stating a plausible claim against BOCC. BOCC is not Regalado's employer. Plaintiff does not allege that the BOCC did anything improper, or that it maintained Regalado's or TCSO's policies. Plaintiff merely made "defendants" plural, arguing that both defendants are liable for his injuries. "The County may be held liable under [federal law violations] only for its own unconstitutional or illegal policies," not for the acts of others. Barney

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998). Therefore, the Court finds that the BOCC should be dismissed as a party defendant.

**B.**

Defendants next argue that plaintiff has failed to establish a Title VII claim for disparate treatment based on failure to promote. Dkt. # 10, at 14. Defendants essentially argue that plaintiff's claims pertain only to him, and they exclude similarly situated individuals as is required by Title VII claims.

"Title VII of the Civil Rights Act of 1964 prohibits, among other things, discrimination on the basis of [race]." Carpenter v. Boeing Co., 456 F.3d 1183, 1186 (10th Cir. 2006). "Two types of claims are recognized under Title VII: disparate treatment and disparate impact." Id.

> "Disparate treatment" . . . is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin. Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment . . . .
>
> Claims of disparate treatment may be distinguished from claims that stress "disparate impact." The latter involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive . . . is not required under a disparate-impact theory. Either theory may, of course, be applied to a particular set of facts.

Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977).

Plaintiff claims disparate treatment. Dkt. # 2, at 5. To survive a motion to dismiss, "[a] complaint raising a claim of discrimination does not need to conclusively establish the prima facie case of discrimination, but it must contain more than threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Bekkem v. Wilkie, 915 F.3d 1258, 1274 (10th

5

Cir. 2019) (internal quotation omitted). It is plaintiff's burden to establish disparate treatment. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981) ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."). "The plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." Id. The Tenth Circuit has explained the elements of a disparate treatment case:

> (1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.

Bird v. Regents of New Mexico State University, 619 Fed. App'x 733, 741 (10th Cir. 2015) (quotation marks removed). Plaintiff belongs to a protected class—African American. Dkt. # 2, at 5. He also suffered an adverse employment action—he was turned down for a promotion to "Deputy II." Id. at 3-4. However, these circumstances do not give rise to an inference of discrimination because plaintiff has not alleged that similarly situated applicants were treated differently. Orr v. City of Albuquerque, 417 F.3d 1144, 1149 (10th Cir. 2005) ("To make out a prima facie case of discrimination, [plaintiff] must demonstrate . . . disparate treatment among similarly situated employees."). Further, although he states that he was otherwise qualified, he fails to allege that the oral examination and background checks were discriminatory; he alleges only that they were skewed to treat African Americans differently than Caucasians. Dkt. # 2, at 5. These threadbare allegations are insufficient to survive a motion to dismiss. Twombly, 550 U.S. at 555. Therefore, the Court finds that plaintiff's Title VII claim for disparate treatment based on failure to promote should be dismissed.

## C.

Defendants next argue that plaintiff fails to state a claim under § 1983 that his constitutional rights were violated by his failure to be promoted. Dkt. # 10, at 22. Defendants argue that, because plaintiff can maintain no Title VII claim, he also cannot maintain a § 1983 claim under Tenth Circuit law. Id. Defendants also argue that plaintiff has failed to establish a property or liberty interest under the Due Process Clause of the Fourteenth Amendment. Id. at 22-24. Finally, defendants argue that plaintiff has failed to establish a causal connection between a TCSO policy and his alleged failure to be promoted. Id. at 24-26.

### 1. Plaintiff's Equal Protection Claim

Plaintiff's equal protection claim is the same, whether analyzed under Title VII or the Fourteenth Amendment. Carney v. City & Cty. Of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008) ("In racial discrimination suits, the elements of a plaintiff's case are the same whether that case is brought under . . . § 1983 or Title VII."). Because plaintiff has not established a prima facie case of discrimination, the Court finds that he cannot maintain a cause of action for a § 1983 claim under the Equal Protection Clause. See Brown v. Glanz, 2016 WL 3632713, at *6 (N.D. Okla. June 29, 2016) ("Because the Court has determined that there are no genuine disputes of material fact and plaintiff has not established race . . . discrimination under Title VII, her similar claims must fail under §§ 1981 and 1983.").

### 2. Due Process Claim

Plaintiff's second § 1983 allegation is due process. Dkt. # 2, at 8. The Due Process Clause of the United States Constitution includes two rights: (1) procedural due process, which requires a liberty or property interest; and (2) substantive due process, which protects a number of fundamental

rights with which the government may not interfere. See Brown v. Montoya, 662 F.3d 1152, 1172 (10th Cir. 2011) (noting the difference between substantive and procedural due process). Plaintiff alleges that "[t]he conduct of . . . Regalado has deprived [p]laintiff of his liberty and property interests without due process of the law . . . ." Dkt. # 2, at 8. This is a procedural due process claim. "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." Brown, 662 F.3d at 1167 (quoting Mathews v. Eldridge, 424, U.S. 319, 332 (1976)). The Tenth Circuit has held: "[T]o assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." Id. (quoting Merrifield v. Bd. Of Cty. Comm'rs, 654 F.3d 1073, 1078 (10th Cir. 2011)).

First, plaintiff possesses no property interest protected under the Due Process Clause. "Whether [plaintiff] had a property interest in [receiving a promotion] . . . is a question of state law." Patrick v. Miller, 953 F.2d 1240, 1244 (10th Cir. 1992) (citing Bishop v. Wood, 426 U.S. 341, 344 (1976)). Appointments and revocations of appointments are at the pleasure of the sheriff. OK. STAT. tit. 19 § 19-547. "A deputy sheriff holds an appointment, as distinguished from an employment." Nichols v. Hurley, 921 F.2d 1101, 1105 n.2 (10th Cir. 1990). Plaintiff does not allege a specific property interest that was violated, but assuming his alleged property interest is his entitlement to a promotion, he has no property interest because appointments under Oklahoma law are "at the pleasure of the sheriff." OK. STAT. tit. 19 § 19-547.

Second, plaintiff possesses no liberty interest protected under the Due Process Clause. He fails to allege any liberty interest in his complaint. It is doubtful that, even if he had alleged that his employment was a liberty interest, he could maintain a liberty interest. See Nunez v. City of Los Angeles, 147 F.3d 867, 873 (9th Cir. 1998) ("[T]here is no similar notion of liberty of position or rank within an occupation."). "Unsurprisingly, every circuit that has addressed the issue has rejected the claim that the denial of a promotion constitutes a deprivation of liberty." Id. at 874.

The Court finds that plaintiff has failed to state a claim for a due process violation or an equal protection violation.[3]

**D.**

Defendants argue that plaintiff has failed to state a claim under Title VII for retaliation against Regalado. Dkt. # 10, at 26. Defendants argue that, because any plausible adverse employment actions took place prior to plaintiff filing his grievance with EEOC, he has failed to establish a prima facie case for retaliation. Id. at 26-28. Defendants also argue that "failing to investigate" does not constitute an adverse employment action required for a retaliation claim under Title VII. Id. at 28-29.

"To state a prima facie case of retaliation, [a plaintiff] must demonstrate that: (1) [he] engaged in protected opposition to discrimination; (2) [the defendant] took an adverse employment action against [him]; and (3) there exists a causal connection between the protected activity and the adverse action." Stover v. Martinez, 382 F.3d 1064, 1071 (10th Cir. 2004). Here, plaintiff's claim

---

[3] Because the Court finds no equal protection or due process violation, it need not reach defendants' argument that plaintiff has failed to meet the Monell v. Department of Soc. Services, 436 U.S. 658 (1978), requirements for suing a government official in his official capacity.

of retaliation fails at step three of the Stover analysis. The Tenth Circuit has held that, when the adverse action occurs prior to the protected opposition, there is no causal connection between the protected activity and the adverse action. See Lawrence v. School Dist. No. 1, 560 Fed. App'x 791, 793-94 (10th Cir. 2014) (holding that, when the retaliation occurs before the filing of an EEOC complaint, there is no causal connection); Ali v. Wingert, 569 Fed. App'x 562, 565-66 (10th Cir. 2014) ("A retaliation claimant can't establish the causal connection required for his claim with allegations that the adverse actions against him preceded his protected activity."). Here, plaintiff alleges that he was turned down for two promotion opportunities. Dkt. # 2, at 3-4. He then filed a grievance with TCSO and then the EEOC. Id. at 4-5. Because plaintiff filed his protected opposition after the adverse employment activity, he has not established a plausible claim for retaliation.[4] The Court finds that plaintiff's retaliation claim should be dismissed.

**E.**

Defendants finally argue that plaintiff's claim for punitive damages should be dismissed. Dkt. # 10, at 29.

"A plaintiff suing under Title VII may be awarded punitive damages if the employer engaged in discriminatory practices with malice or with reckless indifference to the plaintiff's federally protected rights." Harsco Corp. v. Renner, 475 F.3d 1179, 1189 (10th Cir. 2007) (citing 42 U.S.C. § 1981(b)(1)). "To satisfy this standard, an employer must have acted in the face of a perceived risk

---

[4] In addition, a claim for "failure to investigate" is insufficient to establish an adverse employment action. See Dick v. Phone Directories Co., Inc., 397 F.3d 1256, 1268 (10th Cir. 2005) ("An adverse employment action includes acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.") (internal quotation marks omitted).

10

that its actions would violate federal law." Id. Nowhere in the complaint does plaintiff allege that defendants acted with malice or with reckless indifference. See Dkt. # 2. Further, he does not allege facts that would give rise to an inference of malice or reckless indifference. "In § 1983 cases, "[p]unitive damages are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" Searles v. Van Bebber, 251 F.3d 869, 879 (10th Cir. 2001) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). Like plaintiff's Title VII claim, he does not allege "evil motive or intent" or "reckless or callous indifference to the federally protected rights of others" in his § 1983 claim. Further, he does not allege facts that would give rise to an inference of these. Therefore, his claim for punitive damages should be dismissed.

**IT IS THEREFORE ORDERED** that defendants Board of County Commissioners of Tulsa County's and Sheriff Vic Regalado's motion to dismiss (Dkt. # 10) is **granted**. Plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice**. If plaintiff can file an amended complaint devoid of the insufficiencies described herein, he may do so no later than **March 27, 2020**. Failure to do so will result in dismissal of this action.

**IT IS FURTHER ORDERED** that the March 25, 2020 deadline for filing of joint status report is hereby **stricken**.

**DATED** this 18th day of March, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE